UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA ERHART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-1996-SNLJ |
| | ) | |
| BAYER, CORP., BAYER | ) | |
| HEALTHCARE LLC., BAYER | ) | |
| ESSURE, INC., (F/K/A CONCEPTUS, | ) | |
| INC.), BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., | ) | |
| BAYER A.G., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motions to remand (#21), allow jurisdictional discovery (#19), stay proceedings (#23), and unseal documents (#42). Also before the Court are defendants' motions to dismiss (#12) and sever (#15). The parties disagree on whether defendants' removal was procedurally proper, and the matters are fully briefed. Because defendants' removal was not procedurally proper, plaintiffs' motion to remand will be granted for the reasons explained below.

**I.      Background**

The ninety-four plaintiffs originally filed this action in state court on November 7, 2016. Each claims he or she was injured by a permanent birth control product that is manufactured and distributed by defendants Bayer, Corporation; Bayer HealthCare LLC; Bayer Essure, Inc.; Bayer Pharmaceuticals, Inc.; and Bayer A.G. Defendants removed

1

the case to this Court based on (1) diversity jurisdiction, 28 U.S.C. § 1332(a); (2) federal question jurisdiction, 28 U.S.C. § 1331; and (3) removal jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(11)(B)(i). This Court found that plaintiffs had not fraudulently joined or fraudulently misjoined non-Missouri plaintiffs and remanded the case. *Erhart v. Bayer, Corp.*, 2017 U.S. Dist. LEXIS 17678, at *4 (E.D. Mo. Feb. 8, 2017).

Then, the Supreme Court of the United States decided *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), which dealt with personal jurisdiction issues directly related to this case. Next, in *State ex rel. Bayer Corp. v. Moriarty*, the Supreme Court of Missouri issued a preliminary writ of prohibition, ordering a circuit court judge to show cause "why a writ of prohibition should not issue prohibiting [her] from doing anything other than vacat[ing]" an order denying Bayer's motion to dismiss. *See Preliminary Writ of Prohibition*, *State ex rel. Bayer Corp. v. Moriarty*, No. SC96189 (Mo. banc 2017) (#1-2 at 1194). That state court case involved many of the same defendants and personal jurisdiction issues as this case. Finally, in *Jordan v. Bayer Corp.*, No. 4:17-CV-865-CEJ, 2017 WL 3006993 (E.D. Mo. July 14, 2017), this Court found that *Bristol-Myers* "is dispositive of the specific personal jurisdiction issue [of nonresident plaintiffs who showed no connection to the forum]," dismissed the non-Missouri plaintiffs,[1] and denied plaintiffs' motion to remand. *Jordan*, 2017 WL 3006993, at *4.

---

[1] The Court did not dismiss one non-Missouri plaintiff because her device was implanted in Missouri. *Jordan*, 2017 WL 3006993, at *4

2

Relying on these three decisions, defendants again removed the case to this Court on July 18, 2017 (#1).

Defendants argue that removal was proper under 28 U.S.C. § 1446(b)(3) because any one of the three decisions explained above qualifies as an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Plaintiffs, however, argue that none of those decisions qualifies as an "order or other paper." Thus, according to plaintiffs, removal was not procedurally proper.

## II.     Legal Standard

The federal removal statute requires a civil defendant to file a notice of removal within thirty days of receiving a copy of the initial state court pleading. *Id.* §§ 1446(a)–(b)(1). "A defendant is generally barred from asserting any ground for removal not attempted within that thirty day period." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *see also* 28 U.S.C. § 1446(b).

But Congress did create one exception:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The new thirty-day period begins when the defendant receives the document, so long as the defendant first ascertains removability *from that document*. So the exception has two requirements. First, the document must be an "amended

3

pleading, motion, order or other paper." *Id.* Second, the defendant must ascertain that the case is or was removable—for the first time—from that document. *Id.*

### III. Application

The second notice of removal (#1) was not filed within thirty days of defendants receiving the original state court pleading. Thus, the issue before this Court turns on the interpretation of the removal exception statute. When interpreting the terms of a statute, this Court begins with its plain language. *Dahl*, 478 F.3d at 969.

The statute lists "an amended pleading, motion, order or other paper" as the triggering documents. 28 U.S.C. § 1446(b)(3). These are documents normally "produced in the course of litigating an *individual* case . . ., and each might introduce a new element into the case which could affect jurisdiction." *Dahl*, 478 F.3d at 969 (emphasis added). The types of documents "are listed in a logical sequence in the development of an individual case." *Id.* And it is a common canon of statutory interpretation that, when "several items in a list share an attribute," courts should interpret "the other items as possessing that attribute as well." *Id.*; *Beecham v. United States*, 511 U.S. 368, 371 (1994).

Describing what is not covered by § 1446(b)(3)'s plain language, the Eighth Circuit explained, "If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case." *Dahl*, 478 F.3d at 969. So on its face, § 1446(b)(3) applies to developments in the case being removed. *See id.*

4

Moving to the listed documents, the Eighth Circuit has held that "a decision in a separate case with different parties" is not an "order." *Id.* Lastly, courts have interpreted "other paper" to mean "documents involved in the case being removed." *Id.* (citing cases).

Again, one of the three decisions defendants rely on must also satisfy the timing requirement. Defendants must have realized this case is removable—in the first instance—based on that decision.

With this framework in mind, the Court will analyze each decision in turn.

A.  **The *Bristol-Myers* Decision**

In *Bristol-Myers*, the Supreme Court of the United States held that a court cannot exercise specific personal jurisdiction where a nonresident fails to show a connection between the nonresident's specific claim and the forum. *Bristol-Myers*, 137 S. Ct. at 1781. This decision, according to defendants, triggered a new removal period.

But *Bristol-Myers* is a separate case with different parties. And "it would be an unsupported stretch to interpret 'order' to include a decision in a separate case with different parties." *Dahl*, 478 F.3d at 969.

Defendants try distinguishing *Dahl* on two grounds.

First, they argue that the "other paper" relied on in *Dahl* was an Eighth Circuit decision that changed the law. And Eighth Circuit decisions are not binding on state courts. In contrast, *Bristol-Myers* is a decision from the Supreme Court of the United States; it is binding on state and federal courts. Thus, according to defendants, *Bristol-Myers* is an order or other paper. But nothing in the statutory text or *Dahl* supports this

5

argument. In fact, the court in *Dahl* explicitly noted that § 1446(b) applies only to developments in the case being removed, not developments in the law. *Dahl*, 478 F.3d at 969. Even though *Bristol-Myers* is a development in the law (for both state and federal courts), it is not an "order" as used in § 1446(b)(3).

Second, defendants affirmatively argue that a ruling from the Supreme Court of the United States can permit removal under § 1446(b)(3). They cite *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682 (S.D. Tex. 2003), and *Smith v. Burroughs Corp.*, 670 F. Supp. 740 (E.D. Mich. 1987), as support.

In *Landry*, the district court wrote, "Given this clear statement of new law [announced in a Supreme Court decision], the case as pleaded in Plaintiff's Original Petition became removable under federal question jurisdiction [when the Supreme Court case was decided]." *Landry*, 431 F. Supp. 2d at 686. But this clear-statement-of-new-law approach is not consistent with *Dahl*, which is binding on this Court. And that approach "has not been adopted by other courts . . . ." *Butler v. RLB Contracting, Inc.*, No. 3:14-CV-112, 2014 WL 1653078, at *3 (S.D. Tex. Apr. 24, 2014).

In *Smith*, the district court wrote, "The statute [§ 1446(b)(3)] on its face indicates that it covers virtually any situation in which an action not initially removable later becomes removable." *Smith*, 670 F. Supp. at 741. Again, this is not consistent with *Dahl*; therefore, it is not persuasive. Thus, defendants' argument that a ruling from the Supreme Court of the United States can permit removal under § 1446(b)(3) fails.

Defendants also cite *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993), and *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001) (per curiam), as cases

6

that permitted removal after a court decision changed the law. But this case does not raise the "unusual circumstances presented in" *Doe* and *Green*. *See Dahl*, 478 F.3d at 970 (discussing unusual circumstances). In fact, the defendants seeking removal in *Doe* and *Green* were also parties to the separate cases that led to the decision creating a basis for federal jurisdiction. *Doe*, 14 F.3d at 196–97; *Green*, 274 F.3d at 265. Defendants in this case were not parties to the *Bristol-Myers* case. Thus, *Bristol-Myers* is not an "order" that triggered a new removal period.

*Bristol-Myers* is not an "other paper," either, because it is not a document involved with this case. *Dahl*, 478 F.3d at 969. Thus, *Bristol-Myers* did not trigger a new removal period.

## B. The *Moriarty* Decision

In *Moriarty*, the Supreme Court of Missouri issued a preliminary writ of prohibition, ordering a circuit court judge to show cause "why a writ of prohibition should not issue prohibiting [her] from doing anything other than vacat[ing]" an order denying Bayer's motion to dismiss. *See Preliminary Writ of Prohibition*, *State ex rel. Bayer Corp. v. Moriarty*, No. SC96189 (Mo. banc 2017) (#1-2 at 1194). Defendants argue that *Moriarty* is an order or other paper because it satisfies the requirements in *Dahl*. Namely, the defendants in this case were also defendants in *Moriarty*, and the defendants previously raised, in their first notice of removal, the same grounds for removal they assert now.

Even if this were true, § 1446(b)(3)'s timing requirement is not met in *Moriarty*. Defendants did not first ascertain removability from the *Moriarty* decision. They first

7

ascertained removability—based on the changed legal landscape—from the case that changed the legal landscape, *Bristol-Myers*. Thus, *Moriarty* is not an "order" that triggered a new removal period.

*Moriarty* is not an "other paper" because it is not a document involved with this case. *Dahl*, 478 F.3d at 969.

### C. The *Jordan* Decision

In *Jordan*, this Court found that *Bristol-Myers* "is dispositive of the specific personal jurisdiction issue [of nonresident plaintiffs who showed no connection to the forum]," dismissed the non-Missouri plaintiffs, and denied plaintiffs' motion to remand. *Jordan*, 2017 WL 3006993, at *4.

*Jordan* is not an "order or other paper" for the same reasons that *Moriarty* is not.

## IV. Conclusion

This Court is required to remand this action to state court under 28 U.S.C. § 1446 because the second notice of removal (#1) was not filed within thirty days of defendants receiving a copy of the original state court filing, and no "order or other paper" triggered a new removal period.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand the case to state court (#21) is **GRANTED**.

**IT IS FURTHER ORDERED** that all other motions are **DENIED** as moot.

So ordered this  27th  day of September, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE